IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| DONATO DALRYMPLE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 03-20588-CIV-MOORE |
| vs. ) | |
| ) | Magistrate Judge: O'Sullivan |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION TO GRANT DEFENDANT'S (FIRST) MOTION TO DISMISS

Plaintiffs Conception Maria Cabral, Francia de la Conception Cabral, Mirtha Maria Falcon an her minor children, Antonio and Yuliet Colon, Vanessa G. Gonzalez, Nelva Martin, Misael Pandiello, Angela Taina Toro, Alexei Torres, and Carlos R. Zayas, by counsel, respectfully submit this objection to the Magistrate Judge's Report and Recommendation to grant Defendant's (First) Motion to Dismiss for lack of subject matter jurisdiction against Plaintiffs. In support thereof, Plaintiffs state as follows:

### MEMORANDUM OF LAW

The Court erred in determining that 11 Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction because they failed to indicate a sum certain in their administrative claims. This Court can review, de novo, the Magistrate Judge's decision pursuant to 28 U.S.C. Section 636(b)(1).

These 11 Plaintiffs submitted executed SF-95 forms to the U.S. Department of Justice ("DOJ"). Plaintiffs' SF-95s were submitted as part of a complete packet of 108 SF-95s filed by the

108 plaintiffs injured in the April 22, 2000 raid. The SF-95s were submitted as one packet with a cover letter identifying each claimant and identifying the same representative on each form. Additionally, a copy of the amended complaint filed in *Dalrymple, et al. v. Reno, et al.*, Case No. 00-1773-Civ-Moreno (S.D. Fla.) was attached to each of the 108 SF-95s. Due to an inadvertent administrative or clerical error, 11 claimants failed to include a sum certain on the face of their SF-95s forms. However, the SF-95's of the remaining 97 claimants included in the packet all contained the same sum certain, $250,000.

On May 3, 2002, DOJ informed Plaintiffs' counsel that it received the 108 SF-95s and that 11 of the forms did not include a sum certain. Upon review, Plaintiffs' counsel discovered the inadvertent administrative or clerical error and informed DOJ by letter, that the 11 claimants were seeking the same sum certain as the other 97 claimants, $250,000. Plaintiffs' counsel received no other communication from DOJ indicating that there was any problem with the SF-95s. Having received no response from DOJ within the statutory six month period, Plaintiffs brought this Federal Tort Claims Act ("FTCA") suit for the injuries and abuse Plaintiffs sustained as a result of the April 22, 2000 raid. On or about June 6, 2003, Defendant filed its answer asserting various affirmative defenses.

On July 18, 2003 Defendant moved to dismiss the 11 Plaintiffs whose SF-95s inadvertently omitted the sum certain from the forms. The basis for Defendant's motion to dismiss was lack of subject matter jurisdiction based on the inadvertently omitted sum certain figure from the 11 SF-95s. On August 4, 2003, Plaintiffs filed an opposition to Defendant's motion to dismiss. Plaintiffs' opposition demonstrated that Plaintiffs had satisfied the purpose of the sum certain requirement in

2

the manner in which the SF-95s were submitted and that this was supported by the Eleventh Circuit's more lenient approach toward the sum certain requirement.

## ARGUMENT

I. **Florida's Lenient Approach To The "Sum Certain"Requirement.**

The Eleventh Circuit's approach to the sum certain requirement of the FTCA is somewhat lenient as demonstrated by *Tidd v. United States*, 786 F.2d 1565 (11th Cir. 1986) and *Suarez v. United States*, 22 F.3d 1064 (11th Cir. 1994). Plaintiffs clearly established in their opposition that the Eleventh Circuit would accept either an definite sum certain or additional documentation as a sufficient claim as long as it "will allow an agency to calculate or estimate the damages to claimant." *Suarez*, 22 F.3d at 1066. Furthermore, *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (6th Cir. 1974) specifically dealt with the technical procedures of the FTCA and the balance between the technical procedures and justice:

> We note that we are not alone in holding that the technical procedures of the Tort Claims Act must give way to the clear demands of justice....We recognize that none of the cases discussed above is precisely analogous to the case at bar. Nevertheless they do support our conclusion that technical failure to comply with the administrative claim procedure is not necessarily fatal to recovery, particularly when the Government is not prejudiced by the noncompliance.

*Id.* at 516, n.4. This is clearly pertinent to this case.

Plaintiffs attached to their administrative claims an amended complaint that sought a total amount of $100,000,000 in damages. This amended complaint allowed Defendant to calculated how

3

much each of the 50 plaintiffs named in that lawsuit sought as damages ($2,000,000), thus complying with the *Suarez* decision.

The purpose of the sum certain requirement is to put the governmental agency on notice and allow the agency an opportunity to evaluate the claim and make settlement decisions. *See, Molinar v. U.S.*, 515 F.2d 246, 249 (5th Cir. 1975). Plaintiffs' SF-95s satisfied the overall purpose of the sum certain requirement. Plaintiffs asserted that, because the 11 claimants' SF-95s were submitted with the SF-95s of 97 other claimants that all contained the exact same sum certain and all arose from the exact same incident, Defendant was indeed on notice and was in a position to evaluate Plaintiffs' claims and make settlement decisions. In fact, Defendant never denies that it **was** on notice. The absence of a denial suggests that Defendant was on notice as to the sum certain in Plaintiffs' SF-95s. Additionally, as stated in *Executive Jet,* Defendant was not prejudiced by the inadvertent omission.

**II.     Plaintiffs' Inadvertent Omission of the Sum Certain Can Be, and Was, Cured.**

Defendant alleged that the 11 claimants' inadvertent omission of a sum certain cannot be cured by the claims of the 97 other claimants submitted at the same time because each claimant must satisfy the FTCA's administrative prerequisites. Defendant cited the following five cases as authority for this proposition, and the Magistrate Judge relied on these cases in making his recommendation: *In re Orange Product Liability Litigation*, 818 F.2d 194 (2nd. Cir. 1987), *Keene Corp. v. United States*, 700 F.2d 836, 840-43 (2nd Cir. 1983), *Lunsford v. United States*, 570 F.2d 221, 224-27 (8th Cir. 1977), *Caidin v. United States*, 564 F.2d 284 (9th Cir. 1977) and *Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11, 23-25 (8th Cir. 1977). While it is true that these cases concern the jurisdictional nature of the administrative requirements, their

4

use has been misconstrued in this case.[1] In fact, none of these cases stand for the proposition that an inadvertent omission of a sum certain on a claimant's SF-95 form cannot be cured by additional SF-95s filed by other claimants involved in the same incident and filed as one single packet.

In *In re Orange Product Liability Litigation,* the class-action plaintiffs moved to have the court relieve them of having to file separate administrative claims to protect their individual rights. *In re Orange,* 818 F.2d at 196. The plaintiffs in *In re Orange Product Liability Litigation* actively sought to have the Court change the statutory requirements for filing a FTCA claim. This is not the case here. In this case, Plaintiffs' omission was inadvertent and a result of a clerical error. As shown in Plaintiffs' opposition, several courts, including this one, have made exceptions for clerical errors or technical mistakes in SF-95s when the form, and any additional information attached, still satisfies the purpose of the sum certain requirement. *In re Orange Product Liability Litigation* has nothing to do with inadvertent omissions and cannot be viewed as legal authority for Defendant's allegation.

In *Keene Corp.*, the Court held that the purpose of the sum certain was to "provide sufficient information both to permit an investigation and to estimate the claim's worth." *Keene Corp.*, 700 F.2d at 842. Because Keene's sum certain was listed as $1,088,135 and "an additional amount yet to be determined," the Court held that the sum certain purpose was frustrated by the governments inability to evaluate the claim. *Id.* Additionally, the $1,088,135 listed by Keene was held to be unsatisfactory because the amount was an aggregate amount as to all of the Keene plaintiffs and the government was unable to ascertain how much of the aggregate was for each individual claim. *Id.*

This is clearly not the case in here. Here, the other 97 SF-95s submitted in the packet all

---

[1] These five cases are also cases from other circuits and are, therefore, not controlling. Defendant cites no Eleventh Circuit law as legal authority.

5

contained exactly the same sum certain, $250,000. The claimants did not submit one aggregate amount and expect Defendant to sort it out. *Keene Corp.*, like *In Re Agent Orange*, does not concern an inadvertent omission and does not lend legal weight to Defendant's argument.

The last three cases have been equally misconstrued, as they concern the requirement of a proper agency relationship to authorize third parties to file claims on behalf of claimants. In *Lunsford*, the plaintiffs attempted to file claims on behalf of unnamed claimants. *Lunsford*, 570 F.2d at 225. The Court held that, "the procedure for administrative claims presupposes the existence of an identifiable claimant or claimants with whom the government can negotiate a settlement on the basis of the sum certain stated in the administrative claim." *Id.* Because the named claimants failed to demonstrate their legal ability to file claims on behalf of the unnamed claimants, the Court held that "the administrative claims inadequately presented the claims of unnamed class members because they failed to demonstrate the existence of the necessary agency relationship." *Id.* at 226. *See also Commonwealth of Pennsylvania*, 520 F.2d at 20 (denying claims for three reasons: (1) no claim by the individual owners of flood damaged property; (2) claim was not presented by authorized agents or legal representatives; and (3) no sum certain was included.).

*Lunsford's* holding does not concern inadvertent omissions by claimants. Again, Plaintiffs in this case did not file one claim on behalf of all 108 claimants and are not alleging an agency relationship. As such, *Lunsford* has been misconstrued as giving legal weight to Defendant's allegation that Plaintiffs' inadvertent omission cannot be cured.

*Caidin* is very similar to *Lunsford*. In *Caidin*, the plaintiff attempted to file an administrative claim on behalf of an entire class. *Caidin*, 564 F.2d at 286. The Court stated that in, keeping with the purpose of the administrative claim requirement (*i.e.*, the facilitation of settlement), only the

6

claimant himself, or one having legal authority on behalf of the claimant, could file a proper claim. *Id.* Caidin's own claim was also found to be insufficient. Caidin's insufficiency was based on the fact that his $100,000,000 sum certain figure gave "no indication of the specific damages claimed by appellant." *Id.* at 287. Therefore, despite containing an actual sum certain figure, the Court found it to be insufficient because it did not provide a guideline by which the government could facilitate settlement discussions. *Id.*

The holding in *Caidin* does not pertain to this case. Plaintiffs did not submit, or attempt to submit, a class claim. Each claimant submitted his or her own SF-95 with a description of the injuries they personally sustained in the raid. The claims were submitted on the same day, as a single packet, and the and, as the claims all arose from the same incident, on the same day, and named the same defendant. As such, each claim was separate, unlike *Caidin* and *Lunsford*, but not submitted in a vacuum. None of these cases demonstrate that Plaintiffs' inadvertent omission of the sum certain is automatically fatal and cannot be cured by additional documents.

## **CONCLUSION**

The purpose of the sum certain requirement – that Defendant was on notice – was satisfied by the manner in which the SF-95s were submitted and by the additional documents submitted with the forms. For the foregoing reasons, Plaintiffs object to the Magistrate Judge's recommendation and this Court should deny Defendant's motion to dismiss.

Respectfully submitted,

JUDICIAL WATCH, INC.
501 School Street, S.W., Suite 500
Washington, D.C. 20024
Tel.: (202) 646-5172
Fax.:(202) 646-5199

_____
Edelberto Farrés, Esq.
Florida Bar No.: 0070793
100 SE 2 Street, Suite 3920
Miami, FL 33131
Tel.: (305) 349-2391
Fax.:(305) 374-9054

Attorneys for Plaintiffs

## CERTIFICATION OF SERVICE

I hereby certify that on _____11-17-03_____, a true copy of the foregoing PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION TO GRANT DEFENDANT'S (FIRST) MOTION TO DISMISS was served by first-class mail, postage prepaid, on the following:

>Stephen E. Handler, Esq.
>U.S. Department of Justice
>Torts Branch, Civil Division
>P.O. Box 888
>Washington, D.C. 20044

_____
Edelberto Farrés

# Exhibit 1



# Judicial Watch
*Because no one is above the law!*

April 22, 2002

**BY HAND DELIVERY**

Director Jeffrey Axelrad
Torts Branch, Civil Division
U.S. Department of Justice
National Place
1331 Pennsylvania Avenue, NW
Room 8098
Washington, DC 20530

Re: **Letter of Transmittal for Claims Against the U.S. Department of Justice Under the Provisions of the Federal Civil Tort Claims Act**

Dear Director Axelrad:

This letter of transmittal documents the filing of Standard Forms 95 (Claim for Damage Injury or Death) with the Torts Branch, Civil Division, of the U.S. Department of Justice for the following Judicial Watch clients:

| | |
|---|---|
| Hector S. Abelairas | Donato Dalrymple |
| Miguel Alejandro | Cosme D. Diago |
| Gregory Paul Allen | And his minor child: |
| Abel Ramon Alonso | Darianne Diago |
| And his minor children: | Idail Diago |
| Nicole Alonso | Ramon Diago |
| Natalie Alonso | Norma Dominguez |
| Tanay Alonso | Eva Espinosa |
| Leslie Alvarez | Triburcio Estupinan |
| Elsa G. Anderson | Mirtha Maria Falcon |
| Guillermo Arce | And her minor children: |
| Joel Beltran | Antonio Ortega |
| Teresa Benitez | Yuliet Colon |
| Concepcion Maria Cabral | Lenia Fernandez |
| Francia de la Concepcion Cabral | Osmany Fernandez |
| Nancy Canizares | Pastora Ferrer |
| Arturo Castellanos | Jose Antonio Freijo |
| Blanca Nieves Chils | Gilberto E. Gallarraga |
| Juan Francisco Chils | Ledia Betancourt Garcia |
| Sandra Cobas | Rosa Garcia |
| Milagros Cruz | Rubin Garcia |

Page 1 of 3

501 School Street, SW   Suite 725   Washington, DC 20024   Tel: (202) 646-5172   Fax: (202) 646-5199

Director Jeffrey Axelrad
Torts Branch, Civil Division
U.S. Department of Justice
April 22, 2002

<div style="columns:2">

Nixy Gomez
Carlos Alberto Gonzalez
Jose A. Gonzalez
Josefa R. Gonzalez
Vanessa G. Gonzalez
Yusleivy Gonzalez
Estelva Guevara
Pablo Hernandez
Yanet Huet
Martha Teresita Lara
Maria E. Cabrera Lazo
Marta Lorenzo
Reina Machado
Anaisa Machin
Morgan Marcos
Alfredo Martell
Nelva Martin
Ileana Martinez
Jose L. Martinez
Pedro Martinez
Felix R. Meana
Troadio Mesa
Mario Miranda
Julio Modelo
Martha Mondelo
Jorge A. Morales
Aray Noda
Zaida Nunez
Roberto Orama
Martha Lina Oropesa
Anna Teresa Ortega
Antonio F. Ortega
Yusledis Ortiz
   and her minor child:
   Lazaro Martell

Francisco Ondarza
Miriam Palacio
Misael R. Pandiello
Cristobal Peraza
Madeleine Peraza
Sergio Perez-Barroto
Angel Pina
Jennifer Pina
Myra Pina
Mellissa Pumarega
Nestor Ramos
Otoniel Ramos
Leonor Rivero
Maria A. Riveron
Pedro Riveron
Eduardo Rodriguez
Manuel Rodriguez
Maria E. Rodriguez
Marta Rodriguez
Patricia Rodriguez
Tomas A. Rodriguez
Gloria Sanchez
Ireana Santana
Armanda Santos
Orlando Santos
Michael Stafford
Diego Tintorero
Angela Taina Toro
Alexei Torres
Carlos Treto
Carmen Valdes
Divaldo Valdes
Miriam A. Zaldivar
Carlos Zayas

</div>

All communications concerning the claims of the persons listed above should be addressed to the undersigned, or to Larry Klayman, Chairman and General Counsel of Judicial Watch.

Thank you for your cooperation.

Director Jeffrey Axelrad
Torts Branch, Civil Division
U.S. Department of Justice
April 22, 2002

Sincerely,

JUDICIAL WATCH, INC.

*[signature]*

Paul J. Orfanedes

## ACKNOWLEDGMENT OF RECEIPT

I, ___Lynda Holmes___, acknowledge receipt of Standard Forms 95 (Claim for Damage Injury or Death) for the Judicial Watch clients listed above, on behalf of the Torts Branch, Civil Division, of the U.S. Department of Justice.

___Lynda Holmes___        ___4/22/02___
Signature                 Date

# Exhibit 2



# Judicial Watch

*Because no one is above the law!*

May 21, 2002

**VIA FACSIMILE**

Ms. Aleta Bodolay
Paralegal Specialist
US Department of Justice
Torts Branch, Civil Division
Washington, DC 20530

                      Re:  **Tort Claims in *Dalrymple v. Reno et al***

Dear Ms. Bodolay:

      Thank you for your letter of May 3, 2002, acknowledging receipt of claim forms for 109 of our clients, filed with the Department of Justice on April 22, 2002.

      A review of our files indicates that the forms for the following individuals lack a specific amount sought:

- Concepcion Maria Cabral
- Francia de la Concepcion Cabral
- Mirtha Maria Falcon
- Mirtha Maria Falcon as parent and natural guardian of Antonio Ortega.
- Mirtha Maria Falcon as parent and natural guardian of Yuliet Colon.
- Vanessa G. Gonzalez
- Nelva Martin
- Misael R. Pandiello

---

501 School Street, SW • Suite 725 • Washington, DC 20024 • Tel: (202) 646-5172 • Fax: (202) 646-5199

/ Angela Taina Toro

/ Alexei Torres

/ Carlos R. Zayas.

    This letter corrects the administrative error on the form and perfects their respective claims. Each of our clients listed above claims $250,000 in Personal Injury, thus a total claim of $250,000 per person.

    Thank you for your attention. Please contact us if you require any further clarification or documentation of the claim amounts.

Sincerely,

JUDICIAL WATCH, INC.

Christopher J. Farrell

CJF/mac