IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 03-20588-CIV-MOORE
Magistrate Judge O'Sullivan

DONATO DALRYMPLE, et al,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/



## ORDER ADOPTING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION

    **THIS CAUSE** came before the Court upon Defendant United States' Motion for Summary Judgment or, in the alternative, for Dismissal (DE # 87).

    Pursuant to 28 U.S.C. §636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, all pre-trial procedures were referred to the Honorable John J. O'Sullivan, United States Magistrate Judge. A Report and Recommendation dated December 17, 2004 (DE #119), has been entered, recommending that Defendant's Motion for Summary Judgment be granted in part. Plaintiffs filed written objections to the Report and Recommendation on January 06, 2005 (DE #95), and Defendant filed a Response to Plaintiffs' Objections on January 14, 2005.

    After due and proper consideration of all portions of this record deemed relevant to the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Court enters the following order.

### I. Use of Force by INS Agents

    The undersigned adopts the Magistrate Judge's finding that the use of CS and/or OC gas was objectively reasonable under the circumstances involved in the seizure of Elian Gonzalez from the Gonzalez home. Accordingly, such force was privileged under Florida law and Defendant is entitled to judgment as a matter of law with regard to those Plaintiffs who were in the Gonzalez home, on the Gonzalez property, crossed the barricades, or were behind the barricades or on their own property and not gassed at close range.

    However, certain Plaintiffs, who were either behind the barricades, or on their own property when gassed at close range, have presented questions of fact regarding whether the amount of force used was reasonable. Therefore summary judgment is not appropriate for the following Plaintiffs: Elsa Anderson, Sandra Cobas, Ramon Diago, Antonio Ortega, Madeline Peraza, Maria Riera, Eduardo Rodriguez, Gloria Sanchez, Ilena Santana and Carmen Valdes.

In their Objections, Plaintiffs submit that, under the Magistrate Judge's analysis, the claims of an additional fourteen (14) Plaintiffs should survive summary judgment.[1] However, application of the Magistrate Judge's analysis to the facts presented by these fourteen (14) Plaintiffs reveals that only two of them have made out a sufficient case for assault and battery. Both Leslie Alvarez and Nancy Canizares have presented questions of fact sufficient to survive summary judgment on their claims for assault and battery. The additional twelve (12) Plaintiffs were either on the Gonzalez property, or were not gassed at close range, and therefore their claims cannot survive summary judgment.

Accordingly, the following Plaintiffs' claims for assault and battery shall survive summary judgment: Elsa Anderson, Sandra Cobas, Ramon Diago, Antonio Ortega, Madeline Peraza, Maria Riera, Eduardo Rodriguez, Gloria Sanchez, Ilena Santana, Carmen Valdes, Leslie Alvarez and Nancy Canizares. Plaintiffs' remaining Objections regarding the reasonableness of Defendant's actions are overruled.

## II. Negligence Claims

To the extent that Plaintiffs' negligence claims are based on violations of Defendant's internal policies, regulations and protocols, the undersigned agrees with the findings of the Magistrate Judge that such claims fail as a matter of law. In addition, while it is clear that Florida law recognizes a duty on the part of law enforcement officers who create a "zone of risk", the INS officers did not create a "zone of risk" by using CS and/or OC gas.[2] As a result, Defendant is entitled to judgment as a matter of law on Plaintiffs' negligence claims and Plaintiffs' Objections regarding such claims are overruled.

## III. Proximate Cause

Based on the failure of Plaintiffs' negligence claims to survive summary judgment, the issue of proximate cause regarding any long-term injuries is moot. Therefore, Plaintiffs' Objections regarding injuries they suffered as a result of such negligence are overruled.

---

[1] The fourteen (14) Plaintiffs are: Leslie Alvarez (gassed at close range while behind barricade), Arturo Castellanos (behind barricades, not gassed at close range), Eva Espinosa (behind barricades, not gassed at close range), Pastora Ferrer (behind barricades, not gassed at close range), Josefa Gonzalez (behind barricades, not gassed at close range), Eselva Guevara (behind barricades, not gassed at close range), Maria Marta Lonrezo (behind barricades, not gassed at close range), Zaida Nunez (behind barricades, not gassed at close range), Patricia Rodriguez (behind barricades, not gassed at close range), Tomas Rodriguez (behind barricades, not gassed at close range), Nancy Canizares (forced to ground, stepped on and used as springboard while seated on sidewalk one block from the Gonzalez home), Alfredo Martell (thrown to ground and gassed while on Gonzalez property), Felix Meana (thrown to ground and gassed while on Gonzalez property) and Mario Mianda (thrown to ground and gassed while on Gonzalez property).

[2] Additionally, the Court notes that even if a "zone of risk" had been created by the use of CS and/or OC gas, in light of the finding of the reasonableness of the INS agents' actions, Plaintiff's negligence claims would nevertheless fail. See Gross v. Sand & Sea Homeowners Ass'n, Inc, 756 So. 2d 1073 (Fla. Dict. Ct. App. 2000).

### IV. Intentional and Negligent Infliction of Emotional Distress

The undersigned agrees with the Magistrate Judge's Recommendation relating to Plaintiffs' claims for intentional and negligent infliction of emotional distress. Accordingly, Plaintiffs' Objections are overruled. Only those Plaintiffs who have presented questions of fact regarding their claims for assault and battery can sustain a claim for emotional distress.

### V. Conclusion

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (DE #87) is **GRANTED IN PART**. The following twelve (12) Plaintiffs' claims for assault and battery and emotional distress present questions of fact and therefore survive summary judgment: Elsa Anderson, Sandra Cobas, Ramon Diago, Antonio Ortega, Madeline Peraza, Maria Riera, Eduardo Rodriguez, Gloria Sanchez, Ilena Santana, Carmen Valdes, Leslie Alvarez and Nancy Canizares[3]. Defendant's Motion for Summary Judgment or in the Alternative, for Dismissal, is GRANTED with respect to all other claims by all other Plaintiffs.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of January, 2005.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

copies provided:
All counsel of record

---

[3] In addition, it appears as though Defendant has not moved for Summary Judgment on Plaintiff, Armanda Santos' claims. Accordingly, her claim that INS agents entered her property and sprayed gas also remains.