UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20588-CIV-Moore/Garber

DONATO DALRYMPLE, *et al.*,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge K. Michael Moore. Pursuant to such reference the Court has received the defendant's Combined Motion and Memorandum in Support of Award of Costs, plaintiffs' Opposition, and defendant's reply thereto. A hearing was held on said motion on July 11th, 2005.

## FACTUAL BACKGROUND

This cause was brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80 by one hundred and eight plaintiffs claiming injuries resulting from the government's execution of search and administrative arrest warrants for Elian Gonzalez then being held by the Gonzalez family at 2319 N.W. 2nd Street, Miami, Florida. Said warrants were executed as part of the government's efforts to return the minor child Elian to his father in Cuba.

During pretrial proceedings the claims of all but thirteen of the original plaintiffs were rejected by the Court's granting of the government's Motion for Summary Judgment. The remaining thirteen plaintiffs proceeded to a bench trial resulting in the entry of a judgment in favor of the defendant

United States of America. It is therefore beyond dispute that the defendant was the prevailing party in this cause.

## DISCUSSION

Rule 54(d)(1) states *inter alia* that "...costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court directs otherwise..." Such costs may be awarded to the United States just as any other prevailing party. United States Equal Employment Opportunity Commission v. W&O, Inc. 213 F.3d 600, 620 (11th Cir. 2000). A presumption exists in favor of awarding such costs. Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc, 249 F.3d 1293, 1296 (11th Cir. 2001).

Those costs that are permitted are governed by 28 U.S.C. § 1920, which provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title;
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Plaintiffs oppose the award of costs, asserting that the Court should exercise its discretion

and deny costs because their "claims in this case raised a matter of substantial importance."[1] Plaintiffs' further claim that to award costs in this cause may have a "chilling effect" on similar future litigation.

This Court clearly recognizes that it has the discretion to consider a "non-prevailing party's financial condition in calculating the amount of costs to award . . ." Chapman v. A1 Transport, 229 F.3d 1012, 1039 (11th Cir. 2000). It further acknowledges that the "non-prevailing party's financial resources, or the lack thereof, is a factor in calculating the amount of costs to be awarded." Chapman, at 1038. Further, Chapman tells us that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."

Here, the plaintiffs claim that costs should not be assessed against them because "many of the plaintiffs are individuals of very modest means.[2] Further, plaintiffs claim that awarding costs in this case "may cause future plaintiffs and public interest organizations to forego challenging the unlawful conduct of government officials."[3] In addition, plaintiffs assert that such "public interest is best served if such lawsuits proceed."

It is clear that plaintiffs' action in this cause is nothing more than a complaint based upon the Federal Tort Claim Act seeking the recovery of damages for what the proof has shown to be *de minimus* injuries. None of the plaintiffs prevailed. This litigation necessitated substantial expenditures by the defendant to defend.

---

[1] Plaintiffs' Opposition to Defendant's Motion for Award of Costs, at page 3.

[2] Plaintiffs' response to motion, at page 4.

[3] Plaintiffs' response to motion, at page 4.

3

Plaintiffs, aside from a mere assertion that they are without means to pay any costs awarded to the defendant, have offered not proof or evidence of their financial positions. Such requirement must be met if the Court is to consider denying an application for costs. The plaintiffs also rely upon cases in which costs were denied; however, such denials were based upon the Court's finding that the case "raise[d] a matter of substantial public importance and where awarding costs may have a 'chilling effect' on future litigation."

The Court also notes that cases relied upon by plaintiffs involved civil rights claims pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000a or 42 U.S.C. §1983. Such is not the case here.

The Court has reviewed and considered the costs sought by the defendant in the total amount of $40,924.27. Although such amount is not inconsequential, the Court finds that the expenditures totaling such amount were reasonable and were necessary in the defense of this cause. The Court further finds that it was necessary, in the defense of this cause, that all potential witnesses be deposed and that copies of such transcript be prepared for use at trial. All costs for interpreting, copying of trial exhibits and copying of documents were reasonable and necessary.

## CONCLUSION AND RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record, argument of counsel and submissions of the parties, the undersigned respectfully

RECOMMENDS that the defendant United States of America's Motion for Award of Costs be GRANTED and that the Court award the sum of $40,924.27 for costs to the United States of America, said amount to be in the form of a judgment against all plaintiffs.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. See

28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 12th day of July, 2005.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Moore

Judicial Watch, Inc.
  Paul J. Orfanedes, Esq.
  Michael J. Hurley, Esq.
  Dale L. Wilcox, Esq.
501 School Street, S.W., Suite 500
Washington, DC 20024 and
100 S.E. 2nd Street, Suite 3920
Miami, FL 33131

U.S. Department of Justice
Torts Branch, Civil Division
  Stephen E. Handler, Esq.
  Clay Mahaffey, Esq.
Benjamin Franklin Station
P.O. Box 888
Washington, DC 20044

Larry Klayman, Esq.
540 Brickell Key Drive, #732
Miami, FL 33131